

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 1, 1948

FAGAN DICKSON
FIRST ASSISTANT

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-513

Re: Fees of district
clerk of a fee coun-
ty for recording
sheriff's return on
process served in a
salary county.

Dear Sir:

Your letter requesting an opinion from this De-
partment on the above subject matter is, in part, as fol-
lows:

"There is some doubt in this de-
partment as to whether the clerk in an
'under' county on a fee basis is entitled
to receive a fee of fifty (50¢) cents for
recording the Sheriff's Return from an
'over' county where the subpoena has been
issued by the clerk of the 'under' county
directed to the sheriff of the 'over' coun-
ty and the sheriff of the 'over' county
has duly executed same and returned said
subpoena to the clerk of the 'under' coun-
ty.

"I shall thank you to advise this de-
partment whether the clerk of the 'under'
county in such instance is entitled to the
fifty (50¢) cent fee for recording the
Sheriff's Return. . . .

"I am enclosing herewith a letter
from the Honorable W. B. Clift, District
Clerk of the 90th District Court, Stephens
County, Texas."

Article 1026, V. C. C. P., reads, in part, as
follows:

"The district clerk of any county

shall receive fifty cents for recording
each account of the sheriff."

Honorable W. B. Clift, District Clerk of the
90th District Court, Stephens County, claims that he is
entitled to a fifty-cent (50¢) fee from the State of
Texas for recording each sheriff's return from any coun-
ty in the State.  He claims that recording of a sheriff's
return is in fact the recording of the sheriff's account
as provided under Article 1026.

Therefore, the question for our determination
is what constitutes an "account of the sheriff" within
the meaning of Article 1026, V. C. C. P.  Stated another
way, Is a sheriff's return an account of the sheriff?
We believe that the answer is found in Articles 1030,
1033 and 1034, V. C. C. P., providing for fees due a
sheriff.

Article 1030, V. C. C. P., provides:

"In each county where there have been
cast at the preceding presidential election
less than 3000 votes, the sheriff or con-
stable shall receive the following fees when
the charge is a felony: . . .

"2.  For summoning or attaching each
witness, fifty cents provided that in coun-
ties that have a population of less than
forty thousand inhabitants, as shown by the
preceding Federal census, the following fees
shall apply:  For summoning or attaching
each witness, fifty cents, and where a bond
is required of said witness, for the approv-
al of said bond, one dollar."

Article 1033, V. C. C. P., provides:

"Before the close of each term of the
district court, the district or county at-
torney, sheriff and clerk of said court
shall each make out a bill of the costs
claimed to be due them by the State, res-
pectively, in the felony cases tried at
that term; the bill shall show: . . .

"6.  Where each defendant was arrest-
ed, or witness served, stating the county

in which the service was made, giving distance and direction from county seat of county in which the process is served."

Article 1034, V. C. C. P., provides:

"The district judge, when any such bill is presented to him, shall examine the same carefully, and inquire into the correctness thereof, and approve the same, in whole or in part, or disapprove the entire bill, as the facts and law may require; and such approval shall be conditioned only upon, and subject to the approval of the State Comptroller as provided for in Article 1035 of this Code, and the Judge's approval shall so state therein; and such bill, with the action of the Judge thereon, shall be entered on the minutes of said Court; and immediately on the rising of said Court, the Clerk thereof shall make a certified copy from the minutes of said Court of said bill, and the action of the Judge thereon, and send same by registered letter to the Comptroller.  Provided the bill herein referred to shall before being presented to such District Judge, be first presented to the County Auditor, if such there be, who shall carefully examine and check the same, and shall make whatever recommendations he shall think proper to be made to such District Judge relating to any item or the whole bill.

"Fees due District Clerks for recording sheriff's accounts shall be paid at the end of said term; and all fees due District Clerks for making transcripts on change of venue and on appeal shall be paid as soon as the service is performed; and the Clerks' bill for such fees shall not be required to show that the case has been finally disposed of.  Bills for fees for such transcripts shall be approved by the District Judge as above provided, and with the same conditions, and when approved shall be recorded as part of the minutes of the last preceding term of the Court."
(Emphasis ours)

It is noted that Article 1033 requires the sheriff to make out a bill of costs claimed to be due him by the State. Article 1034 provides for the approval of the district judge of the bill of costs and its recording by the district clerk. Article 1034 further provides that fees due district clerks for recording sheriff's accounts shall be paid at the end of the term. In view of the above quoted statutes, it is our opinion that an account of the sheriff mentioned in Article 1026, V. C. C. P., is an account of fees due him by the State, or a bill of costs of fees due him by the State. This is consistent with the definition given this term by the office of the Attorney General in 1911 (Opinion of March 16, 1911, to Hon. W. P. Lane, Comptroller, by John W. Brady.) That opinion reads:

"The question to be decided is: What is meant by 'each sheriff's account.' The word 'account' has various meanings and shades of meanings; but we think the same was employed in these statutes to mean a statement of computation of the items comprising the sheriff's claim for services. . ."

Hence a sheriff's return does not constitute "an account of the sheriff" within the meaning of Article 1026.

We are supported in this conclusion by virtue of the provisions of Article 3912e-1, Section 1, V. C. S., which prohibits the State from paying any county officer in any county having a population of twenty thousand (20,000) inhabitants or more, any fee or commission. The sheriff of a county having a population of 20,000 or more, therefore, has no fees due him by the State.

Since the sheriff of a salary county is entitled to no fee from the State for making the return, he would have no "account" to render for the payment thereof. Hence there would be no "sheriff's account" to be recorded by the clerk for which he could be entitled to any fee. While the clerk makes an entry noting the return of citation, he is nowhere authorized by statute to collect a fee for such entry.

Since the sheriff's return does not constitute "an account of the sheriff" within the maning of Article 1026, V. C. C. P., and since the sheriff of a county having a population of 20,000 or more, does not have an account of fees due him by the State, it is our opin-

ion that the district clerk, under the facts submitted, is not entitled to any fee for recording a sheriff's return. We know of no statute which would authorize the payment of such a fee. In the absence of any expressed provisions authorizing the payment of fees or commissions, no fee can be allowed, since statutes prescribing fees for public officers are strictly construed. McCalla v. City of Rockdale, (Com. App.) 246 S. W. 654.

## SUMMARY

The district clerk on a fee basis in a county containing less than twenty thousand inhabitants is not entitled to any fee for recording the sheriff's return from a county containing a population of 20,000 or more where the subpoena was issued by the "fee" county.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *John Reeves*
John Reeves
Assistant

JR:mw

APPROVED:

*Fagan Dickson*
FIRST ASSISTANT
ATTORNEY GENERAL